Case No. 21-11911

In the
United States Court of Appeals
for the Eleventh Circuit

ELVA BENSON,
*Plaintiff-Appellee,*

v.

ENTERPRISE LEASING COMPANY OF ORLANDO, LLC;
& ENTERPRISE HOLDINGS, INC.,

*Defendants-Appellants.*

On appeal from the
United States District Court
for the Middle District of Florida

MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, NATIONAL RETAIL FEDERATION, AND RESTAURANT LAW CENTER IN SUPPORT OF APPELLANTS

| | |
|---|---|
| Daryl Joseffer | Philip A. Miscimarra |
| Stephanie A. Maloney | Bryan Killian |
| U.S. Chamber Litigation Center | Morgan, Lewis & Bockius LLP |
| 1615 H Street, NW | 1111 Pennsylvania Ave., NW |
| Washington, D.C. 20062 | Washington, D.C. 20004 |
| (202) 463-5337 | (202) 739-3000 |
| *Counsel for the Chamber of Commerce of the United States of America* | philip.miscimarra@morganlewis.com |

July 21, 2021               (additional counsel listed on next page)

Stephanie A. Martz
NATIONAL RETAIL FEDERATION
1101 New York Ave, NW
Suite 1200
Washington, D.C. 20005
(202) 626-8106
*Counsel for National Retail Federation*

Angelo I. Amador
RESTAURANT LAW CENTER
2055 L Street, NW, 7th Floor
Washington, D.C. 20036
(202) 492-5037
*Counsel for Restaurant Law Center*

*Enterprise Leasing Company v. Benson*, No. 21-11911          C1 of 2

# CORPORATE DISCLOSURE STATEMENT AND CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Appellate Procedure 26.1, the movants seeking leave to participate as amici curiae—the Chamber of Commerce of the United States of America, National Retail Federation, and Restaurant Law Center ("Movants")—state that none has a parent corporation; that none is a publicly held corporation; and that no publicly held corporation has 10% or greater ownership in any amicus.

Pursuant to Circuit Rule 26.1-1, Movants adopt the Certificate of Interested Persons filed by Appellants and make the following additions:

- Amador, Angelo, Counsel for Restaurant Law Center, Movant for Leave to Participate as Amicus Curiae in Support of Appellants;
- Chamber of Commerce of the United States of America, Movant for Leave to Participate as Amicus Curiae in Support of Appellants;
- Joseffer, Daryl, Counsel for Chamber of Commerce of the United States of America, Movant for Leave to Participate as Amicus Curiae in Support of Appellants;
- Killian, Bryan, Counsel for Movants
- Maloney, Stephanie, Counsel for Chamber of Commerce of the United States of America, Movant for Leave to Participate as Amicus Curiae in Support of Appellants;
- Martz, Stephanie, Counsel for National Retail Federation, Movant for Leave to Participate as Amicus Curiae in Support of Appellants;
- Miscimarra, Philip A., Counsel for Movants;
- Morgan, Lewis & Bockius LLP, Counsel for Movants;

*Enterprise Leasing Company v. Benson*, No. 21-11911                    C2 of 2

- o National Retail Federation, Movant for Leave to Participate as Amicus Curiae in Support of Appellants;

- o Restaurant Law Center, Movant for Leave to Participate as Amicus Curiae in Support of Appellants;

- o U.S. Chamber Litigation Center, Counsel for Chamber of Commerce of the United States of America, Movant for Leave to Participate as Amicus Curiae in Support of Appellants.

1

# MOTION

The Chamber of Commerce of the United States of America, National Retail Federation, and Restaurant Law Center ("Movants") ask the Court to grant them leave to file an amicus brief in support of the Appellants in this appeal.

The Chamber of Commerce of the United States of America is the world's largest business federation. It represents approximately 300,000 direct members and indirectly represents the interests of more than three million companies and professional organizations of every size, in every industry sector, and from every region of the country. An important function of the Chamber is to represent the interests of its members in matters before Congress, the Executive Branch, and the courts. To that end, the Chamber regularly files amicus curiae briefs in cases, like this one, that raise issues of concern to the Nation's business community. *See, e.g.*, *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018); *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228 (2013); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011).

The National Retail Federation ("NRF") is the world's largest retail trade association, representing all aspects of the retail industry. NRF's membership includes discount and department stores, home goods and specialty stores, Main Street merchants, grocers, wholesalers, chain restaurants, and Internet retailers. Retail is the nation's largest private sector employer, supporting one in four U.S. jobs – 52 million working Americans. Contributing $3.9 trillion to annual GDP, retail is a daily

barometer for the nation's economy. NRF regularly advocates for the interests of retailers, large and small, in a variety of forums, including before the legislative, executive, and judicial branches of government.

Restaurant Law Center is a public policy organization affiliated with the National Restaurant Association, the world's largest foodservice trade association. The industry is comprised of over one million establishments that represent a broad and diverse group of owners and operators—from large national outfits, to small, family-run neighborhood restaurants, and everything in between. The industry employs over 15 million people and is the nation's second-largest private-sector employer. Through regular participation in amicus briefs on behalf of the industry, the Restaurant Law Center provides courts with the industry's perspective on legal issues that have industry-wide implications.

This case presents legal questions about the scope and meaning of a federal statute, the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*. ("WARN Act," "WARN" or the "Act"), which affects employers in all industries. This Court's resolution of those questions is important, not just to the Appellants, but to the Movants, their members, and the broader business community, whose decisions about "mass layoffs" and "plant closings" (the business activities WARN regulates) will be directly affected by this Court's holding. What's more, the Court's resolution of this appeal will have an immediate impact on countless employers who

are or might be facing suits just like this one because this case relates to the difficult business decisions many employers made at the outset of the COVID-19 pandemic.

The proposed amicus brief attached to this motion makes a "clear and distinct" contribution to the issues before this Court. *See Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020) (Scudder, J., in chambers) (noting that amici can contribute by "[e]xplaining the broader regulatory or commercial context in which a question comes to the court" or "[p]roviding practical perspectives on the consequences of potential outcomes"). Movants argue that the structure of WARN, buttressed by commonsense, supports Appellants' plain-language interpretation of the Act. In addition, Movants explain how the district court's perception of the COVID-19 pandemic is incomplete and how, when viewed in full, the mass layoffs and plant closings that millions of employers ordered during the pandemic do not give rise to WARN liability.

Appellants have consented to Movants' filing of an amicus brief; Appellee opposes. Accordingly, just as the Court granted Movants leave to file an amicus brief in support of Appellants' motion to certify this case for direct appeal, the Court should grant Movants leave to file an amicus brief in support of Appellants on the merits.

Respectfully submitted,

/s/   Philip A. Miscimarra
Philip A. Miscimarra

        Bryan Killian
        MORGAN, LEWIS & BOCKIUS LLP
        1111 Pennsylvania Ave., NW
        Washington, D.C. 20004
        (202) 739-3000
        Philip.Miscimarra@morganlewis.com

        Daryl Joseffer
        Stephanie A. Maloney
        U.S. CHAMBER LITIGATION CENTER
        1615 H Street, NW
        Washington, D.C. 20062
        (202) 463-5337
        *Counsel for the Chamber of Commerce of the United States of America*

        Stephanie A. Martz
        NATIONAL RETAIL FEDERATION
        1101 New York Ave, NW
        Suite 1200
        Washington, D.C. 20005
        (202) 626-8106
        *Counsel for National Retail Federation*

        Angelo I. Amador
        RESTAURANT LAW CENTER
        2055 L Street, NW, 7th Floor
        Washington, D.C. 20036
        (202) 492-5037
        *Counsel for Restaurant Law Center*

July 21, 2021

5

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 27, I certify that MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, NATIONAL RETAIL FEDERATION, AND RESTAURANT LAW CENTER IN SUPPORT OF APPELLANTS meets the type-volume limitations of Rule 27(d)(2) because it contains 680 words.

/s/   Philip A. Miscimarra